**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| KYRIAKOS SERGHIDES, | : | CIV. NO. 16-3975(SRC) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARREN KLEIN, | : | |
| Respondent. | : | |

This matter comes before the Court upon Petitioner's submission of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is a state pretrial detainee confined in Morris County Correctional Facility. The Court has examined the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 cases under Rule 1, scope of the rules. The Court concludes the petition should be dismissed for lack of jurisdiction.

I.  THE PETITION

Petitioner has been confined in Morris County Correctional Facility, in pre-trial detention since September, 11, 2015. (Pet., ¶¶2, 6.) No trial has been scheduled. (Id., ¶4.) Petitioner states

the following reasons for seeking dismissal of the charges and release from jail: (1) investigating officer lied to obtain the arrest warrant; (2) the right to a speedy trial is being ignored; (3) the public defender refuses to see Petitioner; (4) due process violations; and (5) evidence supports innocence. (Pet., ¶¶ 13, 15.)[1]

II. DISCUSSION

Although federal courts can exercise pre-trial habeas corpus jurisdiction under 28 U.S.C. § 2241, the Third Circuit Court of Appeals has held that district courts should not exercise such jurisdiction unless extraordinary circumstances are present. See Moore v. De Young, 515 F.2d 437, 442-43, 446 (3d Cir. 1975)(nothing in the nature of the speedy trial right qualifies it as a per se "extraordinary circumstance"). Jurisdiction must be exercised sparingly to prevent "interference by federal courts in the normal functioning of state criminal processes." Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46). "The district court should exercise its 'pre-trial' habeas

---

[1] Petitioner alleges conditions of confinement claims regarding his treatment in jail, and states that he is considering further legal action. Generally, a petitioner cannot raise conditions of confinement claims under 42 U.S.C. § 1983 in a habeas petition, but must do so in a separate civil rights action.

2

jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Moore, 515 F.2d at 443.

"When a defendant is awaiting trial, the appropriate mechanisms for challenging the legality of an arrest, the constitutionality of the government's actions, or the admissibility of evidence are pretrial motions." United States v. Roberts, 463 F. App'x 72, 74 (3d Cir. 2012)(citing Gov't of the Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970)(per curiam)). If a habeas claim is unexhausted, a federal habeas court will typically dismiss the claim without prejudice to allow the petitioner to exhaust his claims in state court. See Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dept., 973 F.2d 169, 173 (3d Cir. 1992)("principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances")(citing Younger v. Harris, 401 U.S. 37 (1971)).

Petitioner has not presented extraordinary circumstances to explain why his speedy trial and other constitutional claims cannot be addressed by the state courts. The exhaustion requirement in habeas cases presumes adequate state remedies, absent a showing to the contrary. Wilson v. Sec'y of Pa. Dept. of Corr., 782 F.3d 110,

3

118 (3d Cir. 2015). "[B]y requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants." Id. (quoting Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005)).

The appropriate means for a petitioner to challenge the constitutionality of a state court conviction is through a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after exhausting state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Nothing in this Opinion precludes Petitioner from filing a petition under Section 2254 at the appropriate time.

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the petition for lack of jurisdiction.

Dated: __9/21__, 2016

**STANLEY R. CHESLER**
**UNITED STATES DISTRICT JUDGE**